**FILED**

IN THE UNITED STATES DISTRICT COURT ~~UNITED STATES DISTRICT COURT~~
FOR THE DISTRICT OF NEW MEXICO ~~ALBUQUERQUE, NEW MEXICO~~

AUG 3 1 2004

STEVEN DURAN,

Plaintiff,

**CLERK**

vs.                                                                      Civ. No. 04-0126 WPJ/LCS

ADDUS HEALTHCARE, TOM GAMMILL P.A.,
a/k/a DR. TOM GAMMILL; MARY JOE CAFFEY;
JAMES VAN LOAN; NEW MEXICO
DEPARTMENT OF CORRECTIONS CENTRAL
MINIMUM RESTRICT UNIT; et al (each to be sued in
official and individual capacities)

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss Constitutional

Claims, and supporting memorandum, filed on March 10, 2004. (Docs. 8, 9). Plaintiff is proceeding

*pro se*. Plaintiff filed a Response to Defendants' Motion on March 17, 2004. (Doc. 9). On March

25, 2004, Plaintiff filed an Amended Complaint (Doc. 10), which amends only portions of the original

Complaint. On April 2, 2004, Defendants' filed a Reply to their Motion and alleged that the

constitutional claims in the Amended Complaint should also be dismissed. (Doc. 14). Thus, the

Court views Defendants' Motion as a Motion to Dismiss Plaintiff's constitutional claims as they

appear in the Amended Complaint. Upon consideration of the Amended Complaint, the Motion to

Dismiss, and the applicable law, the Court finds that the Motion to Dismiss Constitutional claims

should be **DENIED in part and GRANTED in part.**



**Background**

Plaintiff alleges that on September 29, 2003 he was seen by Defendant Gammill who ordered

Defendant Caffey to give Plaintiff a tuberculosis injection. *Complaint at ¶ 10.* Plaintiff states that

instead of receiving a tuberculosis injection on that date, Defendant Caffey erroneously gave him a

tetanus injection instead *Id.* at ¶ 17. Plaintiff alleges that as a result of the injection his arm was

swollen, red, itching, and a lump had formed under his skin at the site of the injection. *Id.* at ¶ 12.

On October 3, 2003, a Nurse Maribel, upon instructions from Defendant Gammill, told Plaintiff that

he would receive hydrocortizone and Benadryl for the condition *Id.* at ¶ 13. Plaintiff alleges that

as a result of the incident he has suffered continuing physical pain, scarring, disfigurement, and great

mental anguish. *Id.* at ¶ 30.

Plaintiff filed his Amended Complaint in this Court alleging that Defendants: 1) violated his

Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution, 2) violated

his rights under Article II, Sections 10 and 18 of the New Mexico Constitution, 3) violated his civil

rights under 42 U.S.C. § 1983, 4) violated his rights under the New Mexico Tort Claims Act, 4)

committed medical malpractice, 5) were grossly negligent and 6) conspired to keep information from

him. Amended Complaint at 1 Plaintiff seeks a declaratory judgment as well as an award of

compensatory damages in the amount of $300,000 and punitive damages in the amount of $50,000.

Amended Complaint at 8. Defendants' Motion to Dismiss Constitutional Claims asks the Court to

dismiss the following claims with prejudice: 1) Plaintiff's claims based on the Fourth, Eighth, and the

Fourteenth Amendments of the United States Constitution, 2) Plaintiff's claims based on Article II,

Section 10 and 18 of the New Mexico Constitution, 3) Plaintiff's claims based on 42 U.S.C. § 1983

and 4) Plaintiff's claims arising out of Defendant's deliberate indifference to the Plaintiff. (Doc. 8).

### Legal Standard

This court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Curtis Ambulance of Florida, Inc. v. Board of County Comm'n of the County of Shawnee, Kansas*, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997).

### Discussion

### A. Fourth Amendment

The Fourth Amendment of the United States Constitution states:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

Rule 8(a) requires that a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . ." FED. R. CIV. P. 8(a). Having carefully reviewed the Amended Complaint, I cannot find alleged any conceivable set of facts that

would entitle plaintiff to relief pursuant to the Fourth Amendment. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). As such, Defendants' Motion to Dismiss Plaintiff's claims pursuant to the Fourth Amendment is granted.

**B. Eighth and Fourteenth Amendments, Deliberate Indifference, 42 U.S.C. § 1983**

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by evidencing a deliberate indifference by failing to give him adequate medical care.[1] The Amended Complaint seeks money damages under 42 U.S.C. § 1983.

To prevail on a denial of adequate medical care claim under the Eighth Amendment, an inmate must show that the defendant was deliberately indifferent to a medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The condition complained of must be sufficiently serious to implicate constitutional protection and the prison official must have acted with deliberate indifference to the inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious," that is, "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). The subjective component, deliberate indifference, is satisfied if an officer "knows of and disregards an excessive risk to [a detainee's] health or safety." *Sealock*,

---

[1] The Tenth Circuit has noted that "[u]nder the Fourteenth Amendment's due process clause, pretrial detainees . . . are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment. Thus, [Plaintiff's] inadequate medical attention claim must be judged against the 'deliberate indifference to serious medical needs' test of *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L. Ed. 2d 251 (1976).'" *Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992) (citing *Martin v. Board of County Comm'rs*, 909 F.2d 402, 406 (10th Cir. 1990)). From the record before me, it appears that Plaintiff was serving a sentence but to the extent that it is unclear whether Plaintiff was merely serving a sentence or was awaiting trial, Plaintiff's claim pursuant to the Fourteenth Amendment shall not be dismissed solely for this reason.

4

218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. at 837). The Court has defined deliberate indifference as equal to "recklessness" in which "a person disregards a risk of harm of which he is aware." *Farmer*, 511 U.S. at 836-837.

Because Plaintiff alleges a set of facts, if true, that state a claim of deliberate indifference[2] in violation of the Eighth Amendment, Defendants' Motion to Dismiss is denied as to Plaintiff's claims pursuant to the Eighth and Fourteenth Amendments.[3] Defendant's Motion as to Plaintiff's claims pursuant to 42 U.S.C. § 1983 seeking monetary damages for violation of his Eighth Amendment rights is also denied.[4] The Court's decision does not impact Defendants' ability to raise these issues in a Motion for Summary Judgment under Rule 56.

### C. New Mexico Constitution

The Court defers discussion of Plaintiff's claims pursuant to the New Mexico Constitution and denies Defendants' Motion as to Plaintiff's claims pursuant to provisions within the New Mexico Constitution.

### Conclusion

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Constitutional Claims, (Doc. 8) is hereby **GRANTED** with respect to Plaintiff's claims pursuant to the Fourth Amendment and said claims set forth in Plaintiff's Amended Complaint are hereby **DISMISSED**.

---

[2] For example, Plaintiff's allegations that he was still physically suffering as a result of the improper injection six months after the incident could rise to the level of deliberate indifference.

[3] *See* footnote 1.

[4] The Court notes that Defendants' Motion to Dismiss is construed as a pure 12(b)(6) motion, and the Court has not examined any matters outside of the pleadings. Thus, the Motion to Dismiss has not been converted to a Motion for Summary Judgment Pursuant to Rule 56. FED. R. CIV. P. 12(b).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Constitutional Claims, (Doc. 8) is hereby **DENIED** with respect to Plaintiff's claims pursuant to the Eighth and Fourteenth Amendments as well as to Plaintiff's claims pursuant to 42 U.S.C. § 1983.

**FINALLY IT IS ORDERED** that the Court defers discussion of Plaintiff's claims pursuant to the New Mexico Constitution and **DENIES** Defendants' Motion to Dismiss Constitutional Claims (Doc. 8) with respect to Plaintiff's claims pursuant to provisions within the New Mexico Constitution.

UNITED STATES DISTRICT JUDGE

6